**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION**

| | |
|---|---|
| KAREN SOTECO,<br><br>        Plaintiff,<br><br>vs.<br><br>BIAGGI'S RISTORANTE ITALIANO, LLC,<br><br>        Defendants. | No. 09-CV-168-LRR<br><br>**ORDER** |

_____

*TABLE OF CONTENTS*

*I.   INTRODUCTION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *1*

*II.  PROCEDURAL HISTORY* . . . . . . . . . . . . . . . . . . . . . . . *1*

*III. SUBJECT MATTER JURISDICTION* . . . . . . . . . . . . . . . . . . . *2*

*IV. SUMMARY JUDGMENT STANDARD* . . . . . . . . . . . . . . . . . . *2*

*V.  RELEVANT FACTUAL BACKGROUND* . . . . . . . . . . . . . . . . . . *4*
    *A.   Parties* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*
    *B.   Incident* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *4*

*VI. ANALYSIS* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *A.   Relevant Law* . . . . . . . . . . . . . . . . . . . . . . . . . . . *6*
    *B.   Motion* . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . *7*

*VII. CONCLUSION* . . . . . . . . . . . . . . . . . . . . . . . . . . . . *10*

*I. INTRODUCTION*

The matter before the court is Defendant Biaggi's Ristorante Italiano, LLC's ("Biaggi's Ristorante") Motion for Summary Judgment ("Motion") (docket no. 8).

*II. PROCEDURAL HISTORY*

On July 30, 2009, Plaintiff Karen Soteco filed a Petition at Law ("Complaint") (docket no. 2) in the Iowa District Court for Linn County, case no. 066320, against

Biaggi's Ristorante and Biaggi's Land, LLC ("Biaggi's Land"). In the Complaint, Plaintiff alleges that she entered Biaggi's Ristorante and slipped and fell as a result of an unsafe condition on the premises of the restaurant which was known, or in the exercise of ordinary care would have been known, to Biaggi's Ristorante. On November 25, 2009, Biaggi's Ristorante removed the action to this court on the basis of diversity jurisdiction. On December 2, 2009, Biaggi's Ristorante filed an Answer (docket no. 4). On August 31, 2010, Biaggi's Ristorante filed the Motion. On September 24, 2010, Plaintiff filed a Resistance (docket no. 9). On October 7, 2010, Biaggi's Ristorante filed a Reply (docket no. 10).

On October 8, 2010, the court ordered Plaintiff to either demonstrate that she served notice upon Biaggi's Land or show good cause for her failure to provide notice to Biaggi's Land by October 18, 2010. Plaintiff did not comply with the court's directive, so on October 20, 2010, the court dismissed Biaggi's Land from the action without prejudice pursuant to Fed. R. Civ. P. 4(m).

### III. SUBJECT MATTER JURISDICTION

The court has diversity jurisdiction over this case because complete diversity exists among the remaining parties and the amount in controversy exceeds $75,000. *See* 28 U.S.C. § 1332 ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of different States").

### IV. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). "An issue of fact is genuine when 'a reasonable jury could return a verdict for the nonmoving party' on the question." *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990

(8th Cir. 2005) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248. "[T]o establish the existence of a genuine issue of material fact, 'a plaintiff may not merely point to unsupported self-serving allegations.'" *Anda v. Wickes Furniture Co.*, 517 F.3d 526, 531 (8th Cir. 2008) (quoting *Bass v. SBC Commc'ns, Inc.*, 418 F.3d 870, 872 (8th Cir. 2005)). Rather, the nonmoving party "'must substantiate [its] allegations with sufficient probative evidence that would permit a finding in [its] favor.'" *Anda*, 517 F.3d at 531 (quoting *Bass*, 418 F.3d at 873). The court must view the record in the light most favorable to the nonmoving party and afford it all reasonable inferences. *Baer Gallery, Inc. v. Citizen's Scholarship Found. of Am., Inc.*, 450 F.3d 816, 820 (8th Cir. 2006) (citing *Drake ex rel. Cotton v. Koss*, 445 F.3d 1038, 1042 (8th Cir. 2006)).

Procedurally, the moving party bears "the initial responsibility of informing the district court of the basis for its motion and identifying those portions of the record which show a lack of a genuine issue." *Hartnagel v. Norman*, 953 F.2d 394, 395 (8th Cir. 1992) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has successfully carried its burden under Rule 56(c), the nonmoving party has an affirmative burden to go beyond the pleadings and by depositions, affidavits, or otherwise, "set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2); *see, e.g.*, *Baum v. Helget Gas Prods., Inc.*, 440 F.3d 1019, 1022 (8th Cir. 2006) ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). The nonmoving party must offer proof "such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. "'Evidence, not contentions, avoids summary judgment.'" *Reasonover v. St. Louis County, Mo.*, 447 F.3d 569, 578 (8th Cir. 2006) (quoting *Mayer v. Nextel W. Corp.*, 318 F.3d 803, 809 (8th Cir. 2003)).

## V. RELEVANT FACTUAL BACKGROUND

### A. *Parties*

Plaintiff is a resident of Marion, Iowa. Biaggi's Ristorante is a Limited Liability Company organized under the laws of the State of Illinois and has its principal place of business in Bloomington, Illinois. Biaggi's Ristorante operates an Italian restaurant (Biaggi's) in Cedar Rapids, Iowa.

### B. *Incident*

On August 2, 2007, Plaintiff arrived at Biaggi's at 12:45 p.m. Plaintiff's friend, Lupe Inskeep, was waiting for Plaintiff inside the front entrance, near the hostess area. "The weather that afternoon was 'sunny.'" Biaggi's Ristorante's Statement of Undisputed Material Facts In Support of Its Motion for Summary Judgment ("Biaggi's Statement of Facts") (docket no 8-1) at ¶ 4; Plaintiff's Response to Defendant's [S]tatement of Undisputed Facts in Support of Motion for Summary Judgment ("Plaintiff's Response") (docket no. 9-2) at ¶ 4. Biaggi's Ristorante maintains that Biaggi's managing partner, Carl Schweikert, was working in the front area of the restaurant where he met Plaintiff and Inskeep at the hostess stand and led them to a table. Biaggi's Ristorante contends that, during the walk to the table, Schweikert led the way, followed by Inskeep, and then Plaintiff. Biaggi's Ristorante asserts that Plaintiff slipped and fell "[w]hile following the same path" that Schweikert and Inskeep took to the table. Biaggi's Ristorante's Statement of Facts at ¶ 8.

Plaintiff insists that when she arrived at the restaurant, she was not met by Schweikert. Instead, she asserts that she was "met by a younger, taller man who [she] believed to be a waiter or similar employee." Plaintiff's Response at ¶ 6. Plaintiff maintains that the employee instructed Plaintiff and Inskeep to follow him, and then turned to walk toward the seating area of the restaurant "at a very brisk pace." Affidavit of Karent Soteco ("Soteco Aff.") (docket no. 9-3 at 2-4) at 1:9. Plaintiff asserts that the

employee and Inskeep immediately took a right turn into the main dining room, and that when Plaintiff made the right turn, the employee and Inskeep "were at least 10-15 feet in front of" her. *Id*. at 1:11.

As Plaintiff followed the employee and Inskeep, Plaintiff slipped and fell near table four, in a high traffic area of the restaurant. Plaintiff states that she slid on the floor when her right foot, and then her left foot, flew out from under her. Although Plaintiff admits that she was following the employee and Inskeep when she fell, Plaintiff disputes Biaggi's Ristorante's contention that she "followed precisely the same path." Plaintiff's Response at ¶ 7. Plaintiff states that she did not observe what caused her to slip, but alleges that she "had the sensation that [she] had stepped on something very slick like a liquid - water, a beverage, or a food in liquid form."[1] Soteco Aff. at 2:8-10.

After Plaintiff fell, Inskeep and various Biaggi's employees attended to Plaintiff and someone called for the paramedics. Plaintiff avers that after the paramedics arrived, placed her on a gurney and began moving her out of the restaurant, she was approached by a man who identified himself as the manager of the restaurant. Plaintiff asserts that is

---

[1] It is worth noting that, despite at least five opportunities to do so, Plaintiff failed to mention that there might have been a substance on the floor which caused her to fall until April 5, 2010, when Plaintiff completed a series of Interrogatories two years and eight months after the incident. For example, there does not appear to be any mention of a substance on the floor which allegedly caused Plaintiff to fall in: (1) an August 2, 2007 Area Ambulance Service Report; (2) an August 2, 2007 St. Luke's Hospital Emergency and Trauma Center Report; (3) an October 5, 2007 Marion Physical Therapy report; (4) Plaintiff's October 15, 2008 interview with an insurance investigator; or (5) Plaintiff's Complaint. *See* Biaggi's Ristorante's Supplemental App'x (docket no. 10-1) at 22, 23, 25, 26-27, 28-29; Complaint at 2. In her Interrogatories, Plaintiff alleges that when she slipped and fell, she had the same sensation as though she had stepped in a wet spot. However, in her deposition, counsel for Biaggi's Ristorante asked Plaintiff, "Was there anything that you were aware of that may have caused you to slip and fall?" Biaggi's Ristorante's Appendix ("Biaggi's Ristorante's App'x") (docket no. 8-3) at 9. Plaintiff responded, "No, nothing that I can think of." *Id*.

the first time she was approached by the manager.

## VI. ANALYSIS

### A. Relevant Law

"Because this is a diversity action, state law governs issues of substantive law." *Gylten v. Swalboski*, 246 F.3d 1139, 1141 (8th Cir. 2001). In *Koenig v. Koenig*, 766 N.W.2d 635, 643-46 (Iowa 2009), the Iowa Supreme Court adopted a general negligence standard—one of reasonable care under all of the circumstances—which is to be applied in all Iowa premises liability cases. *See id.* at 643 (abolishing the common law distinctions between invitees and licensees). The Iowa Supreme Court set forth the following list of factors to be considered when evaluating whether a landowner or occupier has exercised reasonable care for the protection of lawful visitors:

> (1) the foreseeability or possibility of harm; (2) the purpose for which the entrant entered the premises; (3) the time, manner, and circumstances under which the entrant entered the premises; (4) the use to which the premises are put or are expected to be put; (5) the reasonableness of the inspection, repair, or warning; (6) the opportunity and ease of repair or correction or giving of the warning; and (7) the burden on the land occupier and/or community in terms of inconvenience or cost in providing adequate protection.

*Id.* at 646 (quoting *Sheets v. Ritt, Ritt & Ritt, Inc.*, 581 N.W.2d 602, 606 (Iowa 1998)).

In addition to general negligence standards, Iowa Courts have adopted the premises liability standards set forth in the Restatement (Second) of Torts § 343. *See Benham v. King*, 700 N.W.2d 314, 318 (Iowa 2005). Section 343 states,

> A possessor of land is subject to liability for physical harm caused to his invitees by a condition on the land if, but only if, he
>
> > (a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

6

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it, and

(c) fails to exercise reasonable care to protect them against the danger.

Thus, under Iowa law, liability is not imposed in the absence of a possessor's actual or constructive knowledge of a dangerous condition. *See Benham*, 700 N.W.2d at 318.

### B. The Motion

In the Motion, Biaggi's Ristorante asks the court to grant summary judgment in its favor and dismiss Plaintiff's claims. Specifically, Biaggi's Ristorante argues the Motion should be granted because (1) there is no evidence Plaintiff's injury was caused by a defective condition and (2) even if Plaintiff's injury was caused by a defective condition, there is no evidence Biaggi's knew or should have known about the dangerous or defective condition.

Plaintiff resists the Motion in its entirety. In the Resistance, Plaintiff refutes Biaggi's Ristorante's bases for granting summary judgment. Plaintiff argues:

> 1.) The nature of Plaintiff's fall, including the abrupt and violent loss of her footing and the resulting fall and the great force with which [Plaintiff's] body struck nearby fixtures, as shown by the severe injury she sustained and [Plaintiff's] physical sensations and perceptions that she had stepped onto a liquid[,] such as a beverage, water or food in liquid form, all indicate that Plaintiff had stepped on a wet, slippery spot on the floor of the restaurant[; and]
>
> 2.) At the time of [Plaintiff's] fall, the waiter who escorted the two women was literally rushing with them through the busy, main dining area of the restaurant, causing the two women to struggle to keep up with him and causing [Plaintiff] to fall far behind. The waiter walked past the wet spill prior to the two women, but his unnecessary haste compromised his own opportunity to notice the spill and compromised the opportunity of the two women to notice the spill as they

7

concentrated on keeping up with him . . . .

Resistance at 2.

To support her position, Plaintiff points to her Affidavit. *See Baum*, 440 F.3d at 1022 ("Summary judgment is not appropriate if the non-moving party can set forth specific facts, by affidavit, deposition, or other evidence, showing a genuine issue for trial."). As to the first issue—the existence of a defective condition—Plaintiff avers that she "did not see what was on the floor" because she "had [her] eyes fastened on the [employee] and [Inskeep] who were several feet in front of [her]." Sotecto Aff. at 2:6-7. However, Plaintiff avers that "as [her] right foot and then left foot flew out from under [her], [she] had the sensation that [she] had stepped on something very slick like a liquid - water, a beverage, or a food in liquid form." *Id.* at 2:8-10. Plaintiff further avers that, although she does "not know what the actual substance was that made [her] fall," she does "know that it felt like something wet on the floor." *Id.* at 2:10-11. Accordingly, Plaintiff maintains that she has generated a jury question pertaining "to the wet, slippery surface onto which the Plaintiff stepped[.]" Resistance at 2.

As to Defendant's second ground for summary judgment—that Plaintiff failed to present evidence that Biaggi's had actual or constructive knowledge of the existence of a dangerous condition—Plaintiff avers that the employee walked by the spill "at a very brisk pace," forcing Plaintiff to walk faster and keep her eyes on the employee to keep him in her sight. Sotecto Aff. at 1:9-14. This, Plaintiff argues, raises a jury question as to "whether the waiter was on constructive notice of the spill and whether the waiter failed to exercise ordinary care to observe the spill and protect [Plaintiff] from the danger it presented." Resistance at 2.

The court concludes that Plaintiff's Affidavit, and her Interrogatories, show genuine issues of material fact that preclude the court's entry of summary judgment. *See* Fed. R. Civ. P. 56(c). Although Plaintiff fails to point to any direct evidence of the existence of

an unsafe condition, or Biaggi's knowledge thereof, Plaintiff does set forth circumstantial evidence to support her claim. Such circumstantial evidence "often may be equal or superior to direct evidence," and is sufficient to generate a genuine issue of material fact precluding summary judgment. *Randol v. Roe Enters., Inc.*, 524 N.W.2d 414, 417 (Iowa 1994).

Biaggi's Ristorante relies upon Plaintiff's deposition testimony to argue that "[Plaintiff] admits that she is unaware of what, if anything, could have caused her to slip and fall at the restaurant." Biaggi's Ristorante's Memorandum of Authorities in Support of Its Motion for Summary Judgment ("Biaggi's Ristorante's Brief") (docket no 8-2) at 7. In *Randol v. Roe Enters., Inc.*, 524 N.W.2d 414, 415-17 (Iowa 1994), a case which both parties cite, the Iowa Supreme Court reversed a grant of summary judgment in a slip and fall case. In *Randol*, the plaintiff stated in her interrogatories that there was a "drop-off" in the Conoco parking lot that caused her to fall and injure herself. *Id.* at 416. The plaintiff later testified in a deposition that she "really d[id]n't know" what caused her to fall. *Id.* at 416-17. Despite this conflict, the Iowa Supreme Court concluded the plaintiff "generated a genuine issue of material fact on whether the drop-off proximately caused her fall," and the district court erred in granting summary judgment. *Id.* at 417. In this case, as in *Randol*, Plaintiff identified the alleged cause of her injuries in her Interrogatories, but then later indicated in her deposition that she did not know what caused her to fall. This inconsistency, however, does not negate the existence of genuine issues of material fact. The court cannot, at the summary judgment stage, weigh evidence or make credibility determinations. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]"); *Agosto v. Immigration and Naturalization Serv.*, 436 U.S. 748, 770 n.8 (1978) (noting that credibility determinations may not enter into the summary judgment analysis).

Thus, viewing the facts in the light most favorable to Plaintiff, and affording her all reasonable inferences, Plaintiff has demonstrated the existence of genuine issues of material fact precluding summary judgment. *See Thompson v. Kaczinski*, 774 N.W.2d 829, 832 (Iowa 2009) ("It is well-settled that 'questions of negligence or proximate cause are ordinarily for the jury,' and 'only in exceptional cases should they be decided as a matter of law.'" (quoting *Clinkscales v. Nelson Sec., Inc.*, 697 N.W.2d 836, 841 (Iowa 2005))).

### *VII. CONCLUSION*

For the foregoing reasons, the Motion (docket no. 8) is **DENIED**.

**IT IS SO ORDERED.**

**DATED** this 26th day of October, 2010.

_____
LINDA R. READE
CHIEF JUDGE, U.S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA